UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN JAMES CHAMBERS,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>Respondent. | No. 1:18-cv-00092-DAD-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**(Doc. 11)** |

Petitioner, Edwin James Chambers, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Stu Sherman, Warden of the Substance Abuse Treatment Facility and State Prison in Corcoran, California, moves to dismiss the petition as untimely. The undersigned agrees that the petition is untimely and recommends that the Court Grant Respondent's motion to dismiss.

**I.  Procedural Background**

On December 4, 2006, Petitioner pled guilty to robbery (Cal. Penal Code § 211) and admitted a prior prison term enhancement, a serious felony enhancement, and allegations that he had two prior convictions under California's Three Strikes Law. Petitioner was sentenced to an indeterminate state prison term of twenty-five years to life. (Lodged Doc. 1.)

1

On October 15, 2007, the California Court of Appeal ("Court of Appeal") affirmed the judgment. (Lodged Doc. 2.) The California Supreme Court denied review on December 19, 2007. (Lodged Doc. 4.)

Petitioner filed fourteen state post-conviction collateral challenges. Petitioner's first three petitions for writ of habeas corpus were filed before the California Supreme Court denied Petitioner's petition for review. On August 17, 2007, Petitioner filed a petition for writ of habeas corpus with the Stanislaus County Superior Court, which was denied on September 4, 2007. (Lodged Docs. 5-6.) On October 8, 2007, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal, which was denied on October 18, 2007. (Lodged Docs. 7-8.) On December 11, 2007, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which was denied on May 21, 2008. (Lodged Docs. 9-10.)

On October 15, 2008, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on April 15, 2009. (Lodged Docs. 11-12.)

On November 25, 2012, Petitioner filed a petition for writ of habeas corpus in the Stanislaus County Superior Court, which was denied on December 3, 2012. (Lodged Docs. 13-14.)

On May 17, 2014, Petitioner filed a petition for writ of habeas corpus with the Stanislaus County Superior Court, which was denied on June 12, 2014. (Lodged Docs. 15-16.)

On July 22, 2014, Petitioner filed a petition for writ of habeas corpus with the Stanislaus County Superior Court, which was denied as successive pursuant to *In re Clark*, 5 Cal.4th 750 (1993)[1] on July 30, 2014. (Lodged Docs. 17-18.)

On October 21, 2014, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was denied on November 13, 2014. (Lodged Docs. 19-20.)

---

[1] In *Clark*, the California Supreme Court explained that "[a] successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition." 5 Cal.4th 750, 770 (1993).

On February 10, 2015, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which was denied on March 2, 2015. (Lodged Docs. 21-22.)

On April 2, 2015, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was denied on May 14, 2015. (Lodged Docs. 23-24.)

On January 4, 2017, Petitioner filed a petition for writ of habeas corpus with the Stanislaus County Superior Court, which was denied on April 18, 2017. (Lodged Docs. 25-26.)

On May 9, 2017, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was denied on July 10, 2017. (Lodged Docs. 27-28.)

On June 7, 2017, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which was denied on June 29, 2017. (Lodged Docs. 29-30.)

On July 12, 2017, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which was denied on September 20, 2017. (Lodged Docs. 31-32.)

On January 19, 2018, Petitioner filed his petition before this Court. Respondent moved to dismiss the petition as untimely on March 20, 2018. Petitioner filed an opposition to the motion to dismiss on April 12, 2018.

## II. Petitioner's Limitation Period

### A. Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

    (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

  The limitations period is tolled during the time that a "properly filed" application for review is in state court. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")

  Here, direct review in the State of California ended on December 19, 2007, when the California Supreme Court denied review. The federal statutory limitations period began on March 18, 2008, following the expiration of the 90-day period to file a petition for writ of certiorari in the United States Supreme Court. Accordingly, the one-year statutory limitations period expired on March 18, 2009. Petitioner filed his petition for writ of habeas corpus with this court on January 15, 2018; consequently, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely.

**B. <u>Petitioner's Petitioner is Untimely</u>**

  Once a petitioner properly files a petition for state post-conviction relief, the limitations period is tolled and remains tolled for the time the petition is "pending." § 2244(d)(2). A petition is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Petitioner's first petition for writ of habeas corpus was denied on September 4, 2007, and his second was denied on October 18, 2007. Both petitions were denied before direct review ended and the limitations period began running; therefore, the petitions have no consequences on the tolling period. *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (noting that while the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing.").

Petitioner's third state habeas petition was filed on December 11, 2007, with the California Supreme Court, and denied on May 21, 2008. The interval between the commencement of the limitations period, March 18, 2008, and the denial of Petitioner's third petition for writ of habeas corpus, May 21, 2008 is tolled. Therefore, the limitations period was tolled for 64 days and extended from March 18, 2009, to May 21, 2009.

In California, a "properly filed" petition is also considered "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court, so long as the second petition is filed within a "reasonable time" after the denial of the first petition. *Carey v. Saffold*, 536 U.S. 214, 221 (2002). Therefore, a petitioner is entitled to statutory tolling "not only for the time that his petitions were actually under consideration, but also for the intervals between filings, while he worked his way up the ladder." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing *Carey*, 536 U.S. at 223) (The tolling rule "modifies the 1-year filing rule (a rule that prevents prisoners from delaying their federal filing) in order to give States the opportunity to complete one full round of review, free of federal interference.").

The Ninth Circuit has explicitly held "[t]he period that an application for post-conviction review is pending is not affected or 'untolled' merely because a petitioner files additional or overlapping petitions before it is complete." *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir.

2003), *abrogated on other grounds as recognized by Waldrip v. Hall*, 548 F.3d 729, 733 (9th Cir. 2008). A petitioner is entitled to tolling "[f]rom the time he filed his first habeas petition in superior court until the time the California Supreme Court's denial of his habeas petition became final." *See Delhomme*, 340 F.3d at 820 (internal citations omitted).

Here, Petitioner's first round of review was completed with his third filing in the California Supreme Court, which was denied on May 21, 2008. Petitioner's fourth petition for writ of habeas corpus filed with the California Supreme Court on October 15, 2008, and denied on April 15, 2009, represented a new round of habeas filings. *See Biggs v. Duncan*, 339 F.3d 1045, 1048-49. Because Petitioner did not have a petition "pending" between May 21, 2008, and October 15, 2008, the 147 days between the end of his first round of review and beginning of the second round of review was not tolled. *Id*.

While the 147 days were not tolled, Petitioner's limitations period had not expired before the filing of his fourth petition. Generally, "[i]f the time to file a federal petition has not already expired when a second round of properly filed California habeas petitions begins, the second round of petitions will also toll the § 2244(d)(1) period." *Porter*, 620 F.3d at 958 (citing *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001)). However, for tolling to apply to a second round, the petition "cannot be untimely or an improper successive petition." *Id*. (internal citation omitted).

Here, there is no indication in the record that the fourth petition was "untimely or an improper successive petition." Accordingly, the 182 days between the filing of his fourth petition on October 15, 2008, and the California Supreme Court's denial of the petition on April 15, 2009, tolled the limitations period. The statutory limitations period moved from May 21, 2009, to November 19, 2009.

Petitioner filed his fifth petition for writ of habeas corpus with the Stanislaus County Superior Court on November 25, 2012. By the time he filed this fifth petition, his limitations period

had expired on November 19, 2009. Because Petitioner's limitations period expired before he filed his fifth petition with the Superior Court, his filing in the Superior Court does not extend his limitations period. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Consequently, Petitioner's petition, filed on January 15, 2018, is untimely and must be dismissed, unless Petitioner is subject to a later start date of the statute of limitations.

### III. Petitioner Is Not Subject to a Later Start Date of the Statute of Limitations

Petitioner states he "is not requesting the court to grant him 'tolling' for 10 years." (Doc. 14.) Instead, Petitioner based "his petition on a new California Supreme Court case," and therefore, he states he "should not be bar[r]ed from filing a federal petition for writ of habeas corpus." *Id.* Petitioner is contending he is entitled to file his petition after the limitations period based on the California Supreme Court's decision in *People v. Vargas*, 59 Cal.4th 635 (2014).[2]

Pursuant to 28 U.S.C. § 2244(d)(1)(C), the statutory limitations period for habeas corpus cases runs from "the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized." However, *Vargas* is not a decision of the United States Supreme Court and does not define a new federal constitutional right, as §2244(d)(1) requires. Therefore, Petitioner is not entitled to a later state date and his petition is untimely.

### IV. Petitioner Is Not Entitled to Equitable Tolling

The one-year statutory limitations period is intended to protect the federal judicial system from having to address stale claims. *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003). To effectuate that objective, the bar to achieve equitable tolling is set very high. *Id.* A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows that

---

[2] In *People v. Vargas*, the California Supreme Court found that two prior convictions arising out of a single act against a single victim cannot constitute separate strikes under the state's Three Strikes Law. 59 Cal.4th at 637.

7

(1) he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 634, 648 (2010); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). The petitioner bears the burden of alleging facts sufficient to support equitable tolling. *Pace v. Di Guglielmo*, 544 U.S. 408, 418 (2005). Here, Petitioner does not allege any facts that he is entitled to equitable tolling.

For the forgoing reasons, the Court recommends granting Respondent's motion to dismiss and dismissing the petition as untimely.

## V.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by

paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

## VI. <u>Conclusion and Recommendation</u>

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's

order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 1, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE